**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| WENGUI GUO, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BAOSHENG GUO, )<br>)<br>    Defendants. ) | Civil Action No. 1:18-cv-01064-TSE-IDD |

## **AMENDED COUNTERCLAIM**

COMES NOW Counter-plaintiff Baosheng Guo, by counsel, and counterclaims against and sues counter-defendant Wengui Guo, a/k/a Miles Kwok, alleging as follows:

### PARTIES, JURISDICTION AND VENUE

1. Counter-plaintiff Baosheng Guo is an individual and a citizen of the United States who is and at all relevant times has been a resident of Prince William County in the Commonwealth of Virginia.

2. Counter-defendant Wengui Guo a/k/a Miles Kwok (hereinafter "Kwok") is and at all relevant times has been a resident of the State of New York.

3. This Court has jurisdiction pursuant to removal of a complaint filed in the Circuit Court of Prince William County pursuant to 28 U.S.C. § 1332, the parties being citizens of different states and there being more than Seventy Five Thousand Dollars ($75,000.00) in controversy.

4. Venue is proper in that counter-plaintiff resides in Northern Virginia and a substantial number of the relevant events alleged occurred in or had a substantial impact in this venue.

## COUNT I
(Virginia Code § 8.01-233.2)

5. The Complaint in the above styled case, as filed by counter-defendant, is one of a series of similar suits filed nationwide with the purpose of intimidating and silencing selected critics of his self-aggrandizing public statements and videos which, ironically, deride in the most vile and shameless fashion, those targets of his ire who he now charges with defamation.

6. A number of states, including Virginia, in order to discourage strategic lawsuits against public participation ("SLAPP") have adopted statutes to protect the victims of such actions lest such suits have a chilling effect on the exercise of protected free speech.

7. Virginia Code § 8.01-223.2 is one such "anti-SLAPP" provision which provides for immunity *inter alia* from any claim of defamation: "[b]ased solely on statements (i) regarding matters of public concern that would be protected under the First Amendment to the United States Constitution made by that person that are communicated to a third party ...".

8. The immunity does not apply to any statements made with knowledge of their falsity or with reckless disregard for whether they are false.

9. Subsection (B) of the statute goes on to provide that: "Any person who has a suit against him dismissed pursuant to the immunity provided by this section may be awarded reasonable attorney fees and costs." Counter-plaintiff's assertion that the defamation claims against him are brought in bad faith is underscored by Kwok's public statements suggesting that counter-plaintiff is too poor to be able to litigate effectively (see par. 15 *infra*).

10. Counter-plaintiff asserts that he has immunity for his public statements about matters on which he is in disagreement with positions taken by counter-defendant who, by his own account moreover, is a public figure and as such counter-plaintiff is entitled to an award of his reasonable attorney fees and costs.

WHEREFORE, Counter-plaintiff Baosheng Guo respectfully prays that the Court will:

a. Take jurisdiction of the cause and of the parties; and

b. Find that Counter-plaintiff is entitled to immunity and award Counter-plaintiff his reasonable attorney fees and costs incurred in defending the defamation claims asserted against him; and

c. Grant counter-plaintiff such other and further relief as to the Court may seem mete and proper.

## COUNT II
(Defamation Per Se)

11. Counter-plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 10 above.

12. Counter-plaintiff and counter-defendant are each former Chinese nationals living in the United States and projecting themselves via social media on the internet, to the Chinese community locally and abroad, as pro-democracy advocates.

13. The parties had been generally supportive of each other until recently when disagreements over their respective political positions and how such were expressed, resulted in each questioning the other's qualifications and integrity.

14. While counter-defendant is, by his own insistence (see paragraphs 5 through 96 of Complaint) a public figure with a significant following, counter-plaintiff is a relatively unknown social media journalist with a more modest following.

15. Since on or about June 1, 2018, counter-defendant has, relying primarily on youtube videos, relentlessly savaged counter-plaintiff. A selection is provided herewith:

(i) on June 1, 2018 in a broadcast youtube interview, Kwok referred to Baosheng Guo as "a political liar, a religious liar and a beast";

(ii)  on June 4, 2018 Kwok suggested in a youtube videothat Baosheng Guo is  a false pastor, a  political liar and that his purpose in establishing human rights organizations with the Kwok and other human rights advocates is to swindle money and defraud donations.

(iii)  on June 5, 2018 Kwok suggested *inter alia* in a youtube video that Baosheng Guo was a beggar, a fraud and a killer of the democratic movement out to secure a show in Las Vegas;

(iv) on June 10, 2018 in a youtube video, Kwok said of Baosheng Guo, loosely translated, that he is a rotten person, that were he dead, even the dog would not eat his body; that he is not even as good as a prostitute in that a prostitute picks up clients in accordance with certain rules, but that Baosheng Guo will pick up anyone, even animals, and the would have sex with the animal;

(v) on June 24, 2018 in an audio recording distributed by CD to his supporters Kwok Kwok suggests that Baosheng Guo solicited prostitutes in Tokyo and then cheated them on payment due;

(vi) on June 30, 2018 in a youtube video Kwok suggest that Baosheng Guo  was a religious liar and insulted the religion; that he was a madman and was to be killed by lightning; that he was poor and there was no way to he could sue or defend a suit; that although he might sell the graves of his ancestors, he would not have enough money to draft a complaint document; that he defrauded the Kwok nine times; that Baosheng Guo was a liar from childhood; that mMany of the deceived in Beijing were looking for the him to return their money; and that he had not been sentenced in China for political reasons but instead had been sentenced for ordinary fraud;

(vii) on July 18, 2018 in a live stream statement Kwok said that Baosheng Guo must not die well; that he is a religious liar, a false pastor, who defrauded money in the name of supporting Guo Wengui (Kwok) and used these money to buy a house; that this house would prove to be his coffin;

(viii) finally, on September 2, 2018 Kwok states in a youtube video that Baosheng Guo improperly removed his complaint to federal court so he could handpick a judge.

16. The foregoing statements were made with malice aforethought and are plainly defamatory *per se* in that they attribute to him criminal conduct; attempt to undermine counter-plaintiff's ability to earn a living by accusing him of dishonesty on every level imaginable; and by describing him as diseased and unfit for consumption by dogs.

17. These published comments have had the desired effect not only of impacting counter-plaintiff's reputation but also of reducing the number of individuals who follow counter-plaintiff on social media thereby significantly reducing his income. This constitutes actual damage irrespective of whether the defamation is *per se* or *per quod*.

18. Plaintiff is entitled to actual as well as punitive damages given the extent of the unmistakeable malice and disregard for counter-plaintiff's rights not to mention actual damage to his reputation and income earning ability.

WHEREFORE, Counter-plaintiff Baosheng Guo respectfully prays that the Court will:

   a. Take jurisdiction of the cause and of the parties; and
   b. Find that Counter-plaintiff is entitled to immunity and award Counter-plaintiff his reasonable attorney fees and costs incurred in defending the defamation claims asserted against him; and

    c. Award Counter-plaintiff not less than $650,000.00 in actual damages and $350,000.00 in punitive damages; and

    d. Grant counter-plaintiff such other and further relief as to the Court may seem mete and proper.

## COUNT III
(Defamation Per Quod)

19. Counter-plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 18 above.

20. The preceding allegations of Count II allege defamation which if not deemed *per se* defamation is certainly defamation *per quod* to the extent that the defamatory remarks published by counter-defendant Kwok were designed to and did significantly undermine counter-plaintiff's reputation and income earning ability.

WHEREFORE, Counter-plaintiff Baosheng Guo respectfully prays that the Court will:

    a. Take jurisdiction of the cause and of the parties; and

    b. Find that Counter-plaintiff is entitled to immunity and award Counter-plaintiff his reasonable attorney fees and costs incurred in defending the defamation claims asserted against him; and

    c. Award Counter-plaintiff not less than $650,000.00 in actual damages and $350,000.00 in punitive damages;

    d. Grant counter-plaintiff such other and further relief as to the Court may seem mete and proper.

## COUNT IV
(18 U.S. Code § 2724)

21. Counter-plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 20 above.

22.     Counter-defendant has on September 6, 2018 published copies of counter-defendant's United States passport as well as of his Virginia driver's license on his website www.guo.media.

23.     Federal law, to wit 18 U.S.C. § 2722, prohibits any person from knowingly obtaining or disclosing personal information from a motor vehicle record for any use not permitted under § 2721(b).

24.     Counter-defendant's posting of Baosheng Guo's Virginia driver's license on his website, as alleged above, does not remotely come within the ambit of permitted uses.

25.     In addition to criminal fines which may be levied by the appropriate authorities pursuant to section 2723, 18 U.S.C. § 2724 creates a civil remedy for the person whose information has been unlawfully disclosed.  That remedy includes entitlement to an award of the greater of actual damages or $2,500.00; punitive damages if the unauthorized disclosure was willful or made with reckless disregard of the law; and an award of reasonable attorney fees and ligation costs reasonably incurred.

26.     Counter-defendant's publishing of counter-plaintiffs driver's license information was willful and or reckless and done with malice aforethought.  What actual damages counter-plaintiff will have suffered is yet to be ascertained given the recency of the publication.

WHEREFORE, Counter-plaintiff Baosheng Guo respectfully prays that the Court will:

    a.  Take jurisdiction of the cause and of the parties; and

    b.  Find that Counter-defendant has acted knowingly or recklessly in violation of Federal law prohibiting unauthorized use or publication of information from Counter-plaintiff's motor vehicle record and award him such actual damages as become ascertainable but in no event less than $2500.00 together with an

       award of punitive damages in such amount as the trier of fact finds appropriate but in no event less than $350,000.00; and

c. Grant Counter-plaintiff temporary and permanent injunctive relief mandating that counter-defendant remove any and all posted references to driver's license information; and

d. Grant counter-plaintiff such other and further relief as to the Court may seem mete and proper.

**Counter-plaintiff Baosheng Guo demands a trial by jury as to all issues triable by a jury.**

       BAOSHENG GUO

       By Counsel

       Respectfully submitted,

       /s/ Alexander Laufer
       Eisenhower & Laufer, P.C.
       10560 Main Street, Suite 218
       Fairfax, VA 22030
       Tel: (703) 352-9690
       Fax: (703) 352-9695
       alex.laufer.elpc@gmail.com
       *Counsel for Defendant*

       /s/ John C. Altmiller
       Pesner Kawamoto PLC
       John C. Altmiller, Esquire
       VA Bar No. 34902
       7926 Jones Branch Road, Suite 930
       McLean, Virginia 22102
       Telephone (703) 506-9440
       Facsimile (703) 506-0929
       jaltmiller@pesnerkawamoto.com
       *Counsel for Defendant*

Dated: October 17, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 17th day of October, 2018, I caused an accurate copy of the foregoing Amended Counterclaim to be filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

John David Morrissy
Zeichner Ellman & Krause LLP
409 7th Street NW
Suite 300
Washington, DC 20004
*Counsel for Plaintiff*

      /s/  John C.Altmiller
      John C. Altmiller, Esquire
      VA Bar No. 34902
      Pesner Kawamoto PLC  7926
      Jones Branch Drive Suite 930
      McLean, VA 22102
      Telephone (703) 506-9440
      Facsimile (703) 506-0929
      jaltmiller@pesnerkawamoto.com
      *Counsel for Defendant*